UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLOTTE HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-137 |
| | ) | (PHILLIPS / GUYTON) |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of plaintiff Anthony Charlotte Herron's Motion for Attorney's fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 21], filed November 20, 2007. Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $3,159.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

On January 17, 2008, United States District Judge Thomas Phillips entered an Order granting the parties' Joint Motion for Entry of Judgment With Remand, Pursuant to 42 U.S.C. § 405(g) [Doc. 19].

Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

    1. Plaintiff must be a prevailing party;

    2. The government's position must be without substantial justification;

    3. No special circumstances warranting denial of fees may exist;

> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). In this case, plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In turn, the Commissioner filed a Response, stating he did not oppose plaintiff's request for EAJA attorney's fees, thereby conceding that the government's position in this matter was not substantially justified. [Doc. 22]. Further, the Court is not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust.

On November 20, 2007, Plaintiff moved for a total fee amount of $3,159.00.[1] [Doc. 18]. The Commissioner filed his Response to plaintiff's Petition for Fees on December 6, 2007 [Doc. 22]. In his Response, defendant does not oppose plaintiff's request for attorney's fees and stated plaintiff is entitled to $3,159.00 for attorney's fees.

---

[1] 23.40 attorney hours at $135.00 per hour.

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 21]** be **GRANTED**, awarding plaintiff the amount of $3,159.00 for attorney's fees.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).